

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

v.                  Case No. 6:26-cv-01481-JSS-RMN

THE FLORIDA BAR; ASHLEY MORRISON, in her official
and individual capacities as Bar Counsel for The Florida Bar;
and JOSHUA E. DOYLE, in his official and individual
capacities as Executive Director of The Florida Bar,

    Defendants.

_____/

**PLAINTIFF'S TIME-SENSITIVE MOTION FOR TEMPORARY
RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

*(Ruling Requested by July 13, 2026)*

Plaintiff John Doe, pro se, respectfully moves this Court for a Temporary

Restraining Order and Preliminary Injunction pursuant to Fed. R. Civ. P. 65,

enjoining Defendants The Florida Bar, Ashley Morrison, and Joshua E. Doyle

from continuing to prosecute, process toward a probable cause determination, or

file formal charges arising from Bar File No. 2025-30,068(9B) and the related

complaints identified in the Complaint, pending resolution of this action. In

support, Plaintiff states as follows:

**I. INTRODUCTION**

This motion seeks time-sensitive relief under Local Rule 3.01(f). By Second Amended Notice of Grievance Committee Review dated June 24, 2026, Bar Counsel has set a deadline of 5:00 p.m. on July 13, 2026, for Plaintiff's written or recorded statement to the grievance committee in Bar File No. 2025-30,068(9B), and the committee is expected to convene on or about July 15, 2026, at which it may vote on a probable cause determination. Absent relief before the July 13 deadline, Plaintiff must either participate in the very proceeding this action challenges as retaliatory or default the opportunity to respond; and a probable cause finding would trigger the automatic machinery of Rule Regulating The Florida Bar 3-7.18 and materially alter the status quo this motion seeks to preserve. Plaintiff therefore respectfully requests a ruling on the temporary restraining order by 12:00 noon on July 13, 2026. Plaintiff faces an active, ongoing disciplinary prosecution that this Complaint establishes was initiated and has been pursued in retaliation for Plaintiff's protected campaign speech, in violation of Plaintiff's right to procedural due process, and in a manner that has denied Plaintiff's rights under Title II of the Americans with Disabilities Act. That prosecution has not concluded. If it is permitted to proceed to a probable cause determination and the filing of formal charges before this Court resolves the constitutional and statutory claims presented here, Plaintiff will suffer harm that cannot be undone by a later damages award or a later-entered injunction: the disciplinary matter will become a

2

matter of public record, Plaintiff's pseudonymous protection over the underlying medical and personal-safety information will be substantially defeated as a practical matter, and Plaintiff will bear the professional and reputational consequences of public discipline proceedings that this action seeks to demonstrate were unconstitutionally obtained.

This proceeding has now been pending against Plaintiff for approximately two years. That prolonged uncertainty is not merely an abstract injury: it has caused Plaintiff sustained emotional and psychological harm, and has measurably undermined Plaintiff's professional confidence in the courtroom — the very setting in which Plaintiff must perform at his highest level on behalf of his own clients. Each additional day this matter remains unresolved compounds that harm and directly affects Plaintiff's ability to competently serve the clients who depend on him.

## II. THE FOUR-FACTOR TEST IS SATISFIED

### A. Substantial Likelihood of Success on the Merits

As set forth in the Complaint, Plaintiff is substantially likely to succeed on multiple independent theories:

First, Defendant Morrison's February 26, 2025 questioning of Plaintiff regarding his intent to seek judicial office again and to form a political oversight committee had no relevance to any legitimate disciplinary purpose, and the April 17, 2026

3

notice — issued on the Friday immediately preceding the judicial qualifying week — is circumstantial evidence of retaliatory intent directly tied to Plaintiff's protected campaign speech and candidacy. This retaliatory conduct is investigative rather than prosecutorial in function under the functional test of Buckley v. Fitzsimmons, 509 U.S. 259 (1993), and therefore is not shielded by absolute immunity.

Second, Defendant Morrison's June 1, 2026 unilateral substitution of an accommodation for Plaintiff's ADA request, without any interactive process and without authorization from the agency head or designee as required by 28 C.F.R. § 35.164, violated Title II of the ADA and Plaintiff's right to procedural due process in connection with a proceeding that threatens a protected property interest in Plaintiff's law license. Barry v. Barchi, 443 U.S. 55 (1979).

Third, the classification and processing of File No. 2025-30,068(9B) as a judicial referral under former Rule 3-7.18, Rules Regulating The Florida Bar, continued after the October 27, 2025 amendment excluded election-related complaints from that classification — an amendment the Bar's own rulemaking history confirms was adopted because judges were using the judicial-referral mechanism against their own electoral opponents. Fla. Bar News, Supreme Court Narrows Scope of Judicial Referrals in Bar Complaints (Sept. 3, 2025).

**B. Irreparable Harm**

4

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). The chilling and suppression of Plaintiff's protected speech and political activity alleged in the Complaint is ongoing, and continues each day the underlying prosecution remains pending.

Absent injunctive relief, Plaintiff faces the imminent prospect that the Grievance Committee will proceed to a probable cause determination on File No. 2025-30,068(9B) and the related complaints. Under Article V, Section 12(d) of the Florida Constitution and the corresponding Bar rules, the filing of formal charges upon a finding of probable cause converts a confidential proceeding into a public one. Once that occurs, the harm to Plaintiff cannot be undone: the fact and content of proceedings that this action alleges were tainted by retaliation and disability discrimination will become permanently part of the public record, regardless of the ultimate outcome of this federal action or of the disciplinary proceeding itself. This harm is particularly acute given that Plaintiff proceeds under pseudonym in this action precisely to prevent public disclosure of the disability-related and personal-safety information underlying Counts IV, VIII, and IX. A public probable cause finding in the underlying Bar proceeding — even one this Court later determines was unconstitutionally obtained — would substantially defeat the protective purpose of that pseudonym as to the parallel state disciplinary record.

5

Independent of the public-disclosure harm, the ongoing pendency of this two-year prosecution is itself a continuing source of irreparable injury. Plaintiff has suffered sustained emotional distress and a documented erosion of professional confidence directly traceable to the unresolved threat of discipline, with consequences that extend beyond Plaintiff himself to the clients Plaintiff represents in the courtroom. This is not harm that can be compensated after the fact; it is harm that compounds for every additional day the underlying prosecution is permitted to continue unresolved.

Defendants' retaliatory timing has already proven effective once: Plaintiff did not qualify to run again in the 2026 judicial election, as a direct result of the April 17, 2026 notice. That demonstrated success is itself evidence of ongoing and future irreparable harm, since Defendants retain the same disciplinary tools and the same demonstrated willingness to deploy them against any future candidacy Plaintiff might pursue, absent an injunction from this Court.

Monetary damages, available under Counts V, VIII, IX, and X against the individual Defendants, cannot remedy the specific harms described above: no damages award restores confidentiality once lost, undoes the reputational and professional consequences of a public disciplinary record, or reverses the ongoing psychological toll of prolonged, unresolved prosecution.

**C. Balance of Equities**

Plaintiff seeks only to preserve the status quo — a still-pending, not-yet-public disciplinary proceeding — while this Court determines whether that proceeding was constitutionally initiated and conducted. Defendants suffer no cognizable harm from a brief pause in proceedings that, on the record already before this Court, have been pending in various forms since at least August 2024. Any interest the Bar has in prompt resolution of disciplinary matters is outweighed by Plaintiff's interest in not suffering irreversible harm from proceedings this Complaint demonstrates were retaliatory and procedurally defective.

## D. Public Interest

The public interest favors ensuring that attorney disciplinary proceedings — particularly those touching on protected political speech during judicial campaigns — are free from retaliatory taint and comply with federal disability-rights law before they are permitted to reach a public, irreversible stage. An injunction preserving the confidential status quo pending this Court's review serves, rather than disserves, the public's interest in a disciplinary system that operates within constitutional bounds, and in the continued competent representation Plaintiff provides to his own clients.

## III. YOUNGER ABSTENTION DOES NOT BAR THIS RELIEF

Plaintiff anticipates that Defendants will invoke Younger v. Harris, 401 U.S. 37 (1971), and Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457

7

U.S. 423 (1982), to argue that this Court should abstain from interfering with a pending state bar disciplinary proceeding. Middlesex itself, however, recognizes that abstention is inappropriate where the state proceeding was brought in bad faith or for purposes of harassment, or where other extraordinary circumstances exist. Middlesex, 457 U.S. at 435, 437; Younger, 401 U.S. at 49, 53-54; Kugler v. Helfant, 421 U.S. 117, 124-25 (1975). Three independent grounds defeat abstention here.

First, bad faith and harassment. The record already before this Court — Bar Counsel's February 26, 2025 sworn-statement questions probing Plaintiff's future candidacy and political organizing, with no conceivable disciplinary relevance, followed fourteen months later by a grievance committee notice issued on the Friday immediately preceding the judicial qualifying week — is precisely the kind of retaliatory, speech-suppressive prosecution the bad-faith exception exists to address. Dombrowski v. Pfister, 380 U.S. 479 (1965). A prosecution undertaken to retaliate against and deter protected political activity is not entitled to the comity Younger protects.

Second, structural bias renders the state forum inadequate. Younger abstention presumes an adequate state forum; it does not apply where the state adjudicative structure itself is incompetent by reason of bias or self-interest. Gibson v. Berryhill, 411 U.S. 564, 577 (1973). Here, the Supreme Court of Florida authored

8

former Rule 3-7.18, Rules Regulating The Florida Bar; its official arm, The Florida Bar, enforces that rule; the same Supreme Court of Florida serves as the final and only reviewing authority over the resulting discipline; and, under the former rule's own text, that court was an active participant in charging decisions — subdivision (d)(2)(B)(ii) provided that the court's rejection of a recommended disposition "will be deemed a finding of probable cause and direction to the bar to file a formal complaint." The body that promulgated the challenged rule cannot serve as the independent forum Younger contemplates for adjudicating that rule's constitutionality.

Third, Plaintiff's facial challenge presents the extraordinary circumstance of a rule that is flagrantly unconstitutional in its application to election-related complaints — a defect so evident that the Florida Supreme Court itself amended the rule to eliminate it, yet the Bar continues to process Plaintiff's matter under the former framework.

## IV. BOND

Plaintiff respectfully requests that the Court waive the bond requirement of Fed. R. Civ. P. 65(c) entirely, or in the alternative set only a nominal bond. Defendants — a state disciplinary body and its officials acting in their official capacities — will suffer no monetary harm whatsoever from a temporary pause in proceedings pending this Court's review; there is no conceivable financial injury to Defendants

9

that a bond would secure. Requiring Plaintiff to post a substantial bond would serve only as an additional burden layered atop the nearly two years of harm already alleged in this action, without corresponding to any actual risk to Defendants. Defendants have themselves allowed this matter to remain pending for approximately two years without resolution; a brief further pause while this Court determines whether that proceeding was constitutionally conducted imposes no comparable hardship on Defendants. Courts routinely waive the bond requirement, or set it at a nominal amount, where, as here, there is no realistic prospect of financial harm to the party opposing the injunction.

## V. NOTICE TO DEFENDANTS UNDER RULE 65(b)(1)

Contemporaneously with the filing of this motion, Plaintiff is providing notice of this motion and of the relief requested, including the date by which a ruling is requested, by email to the Office of the General Counsel of The Florida Bar, which represents the Bar and its officials in matters concerning the Bar's regulatory functions. The Florida Bar is aware of the identity of the respondent in Bar File No. 2025-30,068(9B); providing this notice therefore does not compromise the pseudonymity that Plaintiff separately seeks to preserve on the public docket. Because notice has been given, Plaintiff does not seek relief without notice under Rule 65(b)(1), and no certification under that rule is required. Plaintiff will promptly file proof of the notice provided.

10

## VI. REQUESTED RELIEF

Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order, effective immediately, enjoining Defendants The Florida Bar, Morrison, and Doyle from proceeding to a probable cause determination, filing formal charges, or taking any further prosecutorial action in Bar File No. 2025-30,068(9B) and the related complaints identified in the Complaint;

2. Schedule an expedited hearing on the Preliminary Injunction;

3. Issue a Preliminary Injunction maintaining the same relief pending resolution of this action on the merits;

4. Waive the bond requirement or set a nominal bond; and

5. Grant such other and further relief as the Court deems just and proper.

Dated: July 10, 2026

Respectfully submitted,

/s/ John Doe

John Doe, Plaintiff, Pro Se