UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

     Plaintiff,

v.

                         Case No. 6:26-cv-01481-JSS-RMN

THE FLORIDA BAR; ASHLEY MORRISON, in

her official capacity as Bar Counsel for The Florida

Bar; and JOSHUA E. DOYLE, in his official

capacity as Executive Director of The Florida Bar,

     Defendants.

---

### PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM AND FOR A PROTECTIVE ORDER, AND INCORPORATED MEMORANDUM OF LAW

Plaintiff respectfully moves this Court, pursuant to its inherent authority and Rule

10(a) of the Federal Rules of Civil Procedure, for leave to proceed in this action

under the pseudonym "John Doe," and pursuant to Local Rule 1.11 for an order

sealing the limited filing disclosing Plaintiff's true identity to the Court. In support,

Plaintiff states as follows.

### I. INTRODUCTION

1. This is a civil rights action against The Florida Bar and its officials, and against

a sworn law enforcement deputy individually, arising in part from a disability

accommodation request and denial, and in part from facts surrounding a domestic incident in which Plaintiff sought police assistance regarding a former intimate partner. Both categories of fact involve information the Eleventh Circuit has recognized as warranting protection through pseudonymous litigation.

2.   Plaintiff does not seek to conceal his identity from Defendants. Plaintiff's true name will be disclosed to the Court under seal and to Defendants and their counsel subject to the protective order requested herein. Plaintiff seeks only to prevent public disclosure on the docket.

## II. LEGAL STANDARD

3.   Rule 10(a) ordinarily requires that a complaint name all parties. The Eleventh Circuit, however, permits a party to proceed under a pseudonym where the party has a "substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)). See also Doe v. State of Florida Judicial Qualifications Commission, 748 F. Supp. 1520 (S.D. Fla. 1990) (holding confidentiality rule barring attorney from disclosing fact of JQC complaint filing violates First Amendment, as reputational and privacy interests insufficient to justify infringement on core speech regarding governmental affairs).

4. Courts in this Circuit weigh, among other factors: (a) whether the action challenges governmental activity; (b) whether prosecution of the suit will compel disclosure of information of the utmost intimacy; (c) whether the litigant is compelled to admit an intention to engage in illegal conduct; (d) whether identification poses a risk of retaliatory physical or mental harm; and (e) the ages of the persons whose privacy interests are at stake. Plaintiff B, 631 F.3d at 1316; Doe v. Frank, 951 F.2d at 324; Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001).

5. These factors are illustrative, not exhaustive, and the ultimate inquiry is a fact-specific balancing of the litigant's privacy interest against the public's presumptive right of access. Plaintiff B, 631 F.3d at 1315-16.

**III. ARGUMENT**
**A. This Action Challenges the Conduct of a Governmental Entity**

6. The Florida Bar is an official arm of the Supreme Court of Florida. This action challenges the Bar's disciplinary and accommodation practices and seeks injunctive and declaratory relief against state officials in their official capacities. This factor favors pseudonymity. See Doe v. Frank, 951 F.2d at 324 (favoring pseudonymity where suit challenged conduct of a federal agency).

**B. Litigating This Action Will Compel Disclosure of Information of the Utmost Intimacy**

7.   Plaintiff's claim under Title II of the Americans with Disabilities Act, Count IV, necessarily requires alleging that Plaintiff has autism, together with the medical and personal circumstances underlying Plaintiff's accommodation request. Courts have consistently recognized medical and psychological information as information of the utmost intimacy supporting pseudonymity.

8.   The harm public disclosure would cause here is compounded by the gap between the statutory and colloquial meanings of the term Plaintiff's pleading is required to use. "Disability" as used in Count IV is a defined statutory term of art, see 42 U.S.C. § 12102(1)-(2), encompassing any physical or mental impairment that substantially limits a major life activity, regardless of whether that impairment affects competence or capacity in any respect. The public, encountering that term attached to Plaintiff's name on a public docket, would have no reason to know it is being used in its narrow statutory sense rather than its ordinary, and substantially more damaging, colloquial sense — particularly for a practicing attorney, where any public association between his name and an unqualified term suggesting incapacity carries professional consequences entirely disproportionate to, and unrelated to, what the statutory term actually establishes.

## C. Public Identification Poses a Risk to Plaintiff's Personal Safety

9.  Plaintiff anticipates that Defendants may argue that Plaintiff waived any privacy interest in this information because Plaintiff voluntarily referenced his autism in a campaign social media post explaining his candidacy. That argument should be rejected. Disclosure in one limited context does not waive a privacy interest against disclosure in a different context to a different audience for a different purpose. See Doe v. Shawnee State Univ., No. 1:18-cv-00753, 2019 WL 1093983, at *2-3 (S.D. Ohio Jan. 30, 2019) (rejecting argument that a transgender plaintiff could not claim a privacy interest in her transgender status because she had already disclosed it to her employer and coworkers, since the general public remained unaware). The campaign post was Plaintiff's own characterization, on his own terms, offered to explain his candidacy. What this litigation would create is materially different: a permanent, searchable public record in which Plaintiff's name is tied to a disciplinary prosecution premised in part on treating that same disclosure as actionable conduct — precisely the kind of damaging, decontextualized characterization the original disclosure neither caused nor invited.

10.  The factual background of a allegations directly related to Plaintiff's status as a domestic abuse survivor as an adult and child necessarily discloses that Plaintiff sought law enforcement assistance in connection with a former intimate partner and Plaintiff's First Amendment protected speech during that episode. Public docketing of these facts under Plaintiff's true name would disclose the existence

and details of that relationship and the circumstances of Plaintiff's call for police assistance to the public at large, including to the former partner, creating a risk of harm independent of the litigation itself.

11.  The risk is not limited to third parties, because the retaliation this action challenges has already happened — and has already worked. As alleged in the Complaint: (a) on February 26, 2025, Bar counsel Morrison personally took Plaintiff's sworn statement and asked him, under oath, "So you don't have any intent to run again?" — and questioned him about the political "oversight committee" he had referenced online — questions bearing no relation to any disciplinary charge (Compl. ¶¶ 28–31, 74, 98); (b) Bar counsel ended the sworn statement before Plaintiff could complete his testimony; after Plaintiff complained that the examination had employed leading questions premised on false facts, the Bar cleared its counsel — and then cancelled the noticed second session, leaving the file's centerpiece an examination Plaintiff was never permitted to finish (Compl. ¶¶ 32–33, 42); (c) fourteen months after that questioning, on April 17, 2026 — the Friday immediately preceding the April 20–24 judicial qualifying week — Morrison issued the grievance committee notice, timing calculated to deter Plaintiff from qualifying to run again, and it worked: Plaintiff did not qualify for the 2026 election (Compl. ¶¶ 95–97, 99);  and (d) when Plaintiff submitted an accommodation request under the Americans with Disabilities Act identifying his

autism spectrum disorder, Morrison unilaterally substituted a different accommodation without any interactive process (Compl. ¶¶ 76–77). Defendants who have already used official process to retaliate — successfully — cannot be presumed to refrain from using Plaintiff's identity the same way. Plaintiff has confined his own filings to the pseudonym; any public association of Plaintiff's name with this action would therefore come from Defendants or their agents. Absent the protective order requested in Section V, nothing would prevent Defendants from publicly linking Plaintiff's name to this action and to the disability and personal information it necessarily pleads — completing, in a new forum, the pattern of retaliation this action challenges.

**D. Defendants Will Suffer No Prejudice**

12. Defendants will be informed of Plaintiff's true identity immediately upon entry of the protective order requested herein, will be served in the ordinary course, and will suffer no impairment of their ability to defend this action. The relief sought is limited to the public docket.

**IV. MOTION TO SEAL UNDER LOCAL RULE 1.11**

13. Contemporaneously with this motion, and lodged with it under seal pending resolution of this request as required by Local Rule 1.11(b)(8), Plaintiff is

submitting a Notice of True Identity disclosing Plaintiff's actual name, mailing address, e-mail address, and telephone number (the "Identity Notice").

14. Description of the item (Rule 1.11(b)(2)). The Identity Notice is a single-page filing stating Plaintiff's true legal name and contact information, for the Court's use in verifying Plaintiff's identity and standing and for disclosure to Defendants under the protective order sought herein.

15. Necessity of filing and necessity of sealing (Rule 1.11(b)(3)(A)-(B)). Filing the Identity Notice is necessary so the Court may confirm Plaintiff's identity for purposes of standing, service, and case administration, and so that Defendants may be informed of Plaintiff's identity for purposes of defending this action. Sealing the Identity Notice is necessary because public disclosure on the docket would defeat the entire purpose of the pseudonym requested in Sections III(B) and III(C) above — namely, shielding the medical/disability information and the personal-safety facts described therein from public association with Plaintiff's name.

16. Unavailability of alternatives (Rule 1.11(b)(3)(C)). Redaction is not a satisfactory alternative because the entire content of the Identity Notice is the identifying information sought to be protected; there is no portion that can be disclosed while redacting the rest. Proceeding under a pseudonym for the case caption itself, while necessary, does not independently protect the Identity Notice,

since by definition that document contains the true name the pseudonym is designed to withhold from the public record.

17. Legal memorandum (Rule 1.11(b)(4)). This motion, including Sections II and III above, constitutes the supporting legal memorandum.

18. Proposed duration (Rule 1.11(b)(5)). Plaintiff proposes that the seal remain in effect for the duration of this action and ninety (90) days thereafter, consistent with the default period under Local Rule 1.11(e), unless extended by further order of the Court.

19. **Custodian information (Rule 1.11(b)(6)).** Plaintiff is pro se and has no counsel or other agent to retrieve sealed items on his behalf. Naming Plaintiff in this public motion would defeat the seal this motion seeks. Plaintiff therefore requests that any order granting this motion provide, and that the Clerk be notified, that the person authorized to retrieve the sealed Identity Notice is the person named in the Identity Notice itself.

20. Non-party interest certification (Rule 1.11(b)(7)). Plaintiff certifies that, to Plaintiff's knowledge, no non-party has an interest in establishing or maintaining this seal, and accordingly no service of this motion on any non-party has been made on that basis.

21.  Lodging of the item (Rule 1.11(b)(8)). The Identity Notice is being lodged with the Clerk under seal concurrently with this motion, pending the Court's resolution of this request.

## V. PROPOSED PROTECTIVE ORDER PROVISIONS

22.  Plaintiff requests that any order granting this motion include provisions: (a) permitting Plaintiff to proceed under the pseudonym "John Doe" in all public filings; (b) directing the Clerk to maintain the Identity Notice under seal; (c) requiring Defendants and their counsel, upon disclosure of Plaintiff's true identity, to maintain that identity in confidence and to refrain from disclosing it to any person not necessary to the defense of this action; and (d) requiring any party filing a document that would disclose Plaintiff's true identity to file such document, or the identifying portion thereof, under seal.

Plaintiff has taken affirmative care to confine the identifying detail in the Complaint to the minimum required by Fed. R. Civ. P. 8 to state his claims: no name, residence, contact information, firm affiliation, bar admission date, or other gratuitous identifying detail appears anywhere in the public filings. To the extent the Complaint necessarily pleads case-specific facts — such as the underlying disciplinary file numbers and the identity of the referring judge — those facts are essential elements of the claims themselves and cannot be omitted consistent with Plaintiff's pleading obligations. Accordingly, any future public identification of

Plaintiff would result from third-party deduction or from disclosure by Defendants, and not from any voluntary self-identification by Plaintiff, who has preserved his pseudonymity to the fullest extent the claims permit.

## VI. CONCLUSION

23.  For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion, permit Plaintiff to proceed under the pseudonym "John Doe," and enter a protective order consistent with the provisions proposed above.

Dated:

Respectfully submitted,

/s/ John Doe
John Doe, Plaintiff, Pro Se