UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,
     Plaintiff,

v.                                 Case No. 6:26-cv-01481-JSS-RMN

THE FLORIDA BAR; ASHLEY MORRISON, in her official
and individual capacities as Bar Counsel for The Florida
Bar; JOSHUA E. DOYLE, in his official and individual
capacities as Executive Director of The Florida Bar; and
GYPSY BAILEY, in her official and individual capacities
as General Counsel for The Florida Bar,
     Defendants.

_____/

## PLAINTIFF'S MOTION TO SEAL

Plaintiff John Doe, pro se, moves under Local Rule 1.11 for leave to file two items under seal, and states:

1. Identification and description of each item. Item One is a one-page document titled Key to Bar File Designations, stating the correspondence between the designations Bar Files A through G, adopted in the Verified Amended Complaint, and the case identifiers assigned to those matters by The Florida Bar. Item Two is a one-page Supplement to Plaintiff's Notice of Pendency of Other Actions, identifying by caption and case number the related action referenced in that Notice. Neither item is filed or tendered with this motion; each will be filed only if and when this motion is granted.

1

2. Why filing each item is necessary. The Court and Defendants require the Bar's case identifiers to verify the allegations of the Verified Amended Complaint against the underlying files and to administer this action, and Local Rule 1.07 requires identification of related actions. Plaintiff's public filings state that both items will be furnished under seal.

3. Why sealing each item is necessary. The Bar's case identifiers are traceable to Plaintiff's identity through public inquiry, and the caption of the related action states Plaintiff's true name. Public filing of either item would identify Plaintiff and defeat the relief sought by Plaintiff's pending Motion for Leave to Proceed Under Pseudonym, which pleads the retaliation and safety grounds on which anonymity is sought. Sealing is sought against public access only, not against any party: Defendants will be served with both items upon the granting of this motion, and nothing is withheld from any party to this action. The seal protects from public disclosure Plaintiff's identity and the disability-related information this action necessarily pleads, consistent with the privacy interests underlying Plaintiff's claims under the Americans with Disabilities Act and the pending pseudonym motion.

4. Why a means other than sealing is unavailable or unsatisfactory. The identifying information is the only content of each item; redaction would remove everything each item exists to convey. The pseudonym itself is the interest the sealing

2

preserves, and no lesser means gives the Court and Defendants the information while withholding it from public view.

5. Proposed duration of the seal. Until final resolution of this action, coextensive with any order permitting Plaintiff to proceed under pseudonym, or until further order of the Court.

6. Memorandum of legal authority. Local Rule 1.11(b) authorizes sealing on a particularized showing, which paragraphs 1 through 5 supply. Rule 5.2, Federal Rules of Civil Procedure, reflects the privacy protections applicable to court filings. The grounds for anonymity itself are set forth in Plaintiff's pending Motion for Leave to Proceed Under Pseudonym and are incorporated by reference; this motion seeks only to preserve that pending question rather than moot it by public disclosure.

WHEREFORE, Plaintiff respectfully requests leave to file the two items described above under seal, for the duration stated, and such further relief as the Court deems just.

Dated: July 31, 2026

Respectfully submitted,

/s/ John Doe
John Doe, Plaintiff, Pro Se
(true identity and address on file with the Court under seal pursuant to the pending Motion for Leave to Proceed Under Pseudonym)

## CERTIFICATE OF SERVICE

3

I certify that on July 31, 2026, I served a copy of this motion on John

Londot, Esq., Greenberg Traurig, P.A., counsel accepting service for Defendants,

by electronic mail.

/s/ John Doe
John Doe, Plaintiff, Pro Se