AUG 3 2026 PM1:15
FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,
     Plaintiff,

v.                               Case No. 6:26-cv-01481-JSS-RMN

THE FLORIDA BAR; ASHLEY MORRISON, in her official
and individual capacities as Bar Counsel for The Florida
Bar; JOSHUA E. DOYLE, in his official and individual
capacities as Executive Director of The Florida Bar; and
GYPSY BAILEY, in her official and individual capacities
as General Counsel for The Florida Bar,
     Defendants.
_____/

## PLAINTIFF'S TIME-SENSITIVE VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff John Doe, pro se, moves under Federal Rule of Civil Procedure 65 and Local Rules 6.01 and 6.02 for a temporary restraining order and preliminary injunction directing Defendants to afford Plaintiff the accommodation Plaintiff requested under Title II of the Americans with Disabilities Act: the opportunity to present his statement live to the grievance committee and to answer the committee's questions. Plaintiff does not ask this Court to disturb the written submissions already in the Bar's file, to direct any outcome, or to alter any rule of the proceeding. Plaintiff asks only for the format of his own statement.

1

This motion is time-sensitive. The grievance committee may act, or may already have acted, on the consolidated matters at any time. Plaintiff requests a ruling on or before 08/17/2026 (or when the Court determines appropriate). This motion presents a single statutory question, raises no issue presented by any other motion in this action, and is submitted at the shortest length in which it can fairly be stated.

## PROCEDURAL COMPLIANCE

Notice. This motion is not made ex parte. On the date of filing, Plaintiff transmitted by electronic mail to John Londot, Esq., of Greenberg Traurig, P.A., who has confirmed acceptance of service on behalf of Defendants in this action, a copy of this motion and every supporting paper. Plaintiff does not contend that notice is impractical within the meaning of Local Rule 6.01(b)(2), and does not oppose a hearing if the Court prefers one.

Evidentiary basis. Pursuant to Local Rule 6.01(a)(2), this motion is supported by the Verified Amended Complaint, filed contemporaneously and incorporated by reference. Every factual statement below carries its citation to that pleading.

## THE REQUEST AND HOW IT WAS HANDLED

Plaintiff is autistic. Plaintiff cannot reliably predict how others will receive what he says, and compensates by observing a listener's reactions in real time and

2

correcting misunderstandings as they arise. Written and recorded submissions eliminate that mechanism. The proceeding against Plaintiff turns on what Plaintiff's statements meant to the people who read them. Compl. ¶¶ 323-331.

Pursuant to Title II, Plaintiff requested leave to appear before the grievance committee and tell his story, rather than submit it in written or recorded form. Plaintiff also asked for the identity of the Bar's ADA coordinator. Compl. ¶ 322. The accommodation requested would have required no facility, no equipment, no personnel, and no expenditure beyond what the proceeding already entailed, in a program whose own notices contemplate personal appearances.

The request was not referred to an ADA coordinator. Bar counsel prosecuting the matter answered it herself, imposing conditions before the Bar would consider it, including a physician's certification dated within thirty days for a lifelong developmental condition that requires no recurrent certification. Compl. ¶¶ 350-356. Plaintiff's treating provider answered the Bar's questions. Bar counsel confirmed receipt, identified no deficiency, requested nothing further, and never answered the request. Compl. ¶¶ 357-361. The coordinator was identified, by office and not by name, only after Plaintiff wrote to the Bar's Executive Director. Compl. ¶ 381.

Plaintiff heard nothing further until Plaintiff inquired, on a Friday, two days before the written statement was due. Bar counsel replied that an accommodation

had already been provided, pointing to language in an earlier notice permitting a respondent to submit a written or video statement. Nothing in that notice mentions the ADA, an accommodation, or Plaintiff's request. Compl. ¶¶ 363-366, 374. The written option is offered to every respondent regardless of disability. The video option came with no camera, no facility, no assistance, and no guidance. The transmitting email said, in its entirety, "thank you." Compl. ¶¶ 372-375. Plaintiff asked that Friday evening for the basis of the substitution, who had approved it, and whom to contact about equipment and cost, and requested a further continuance. The reply came the next day, a Saturday: the continuance was denied, the matter would proceed as scheduled, and none of the questions were answered. Compl. ¶¶ 367-368.

Plaintiff then had two days. Plaintiff attempted a video submission and could not produce one without equipment or assistance, and turned to writing. The statement Plaintiff submitted under that deadline was inadequate to present his position. Compl. ¶¶ 378-379. The Bar thereafter continued the session it had refused to continue, and Plaintiff learned of the continuance only from the Second Amended Notice of Grievance Committee Review issued June 24, 2026. Compl. ¶ 383. The refusal that produced the inadequate statement thus obtained nothing the Bar was unwilling to grant days later on its own motion.

## LIKELIHOOD OF SUCCESS ON THE MERITS

Title II provides that no qualified individual with a disability shall, by reason of that disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. A public entity must make reasonable modifications in policies, practices, or procedures when necessary to avoid discrimination on the basis of disability, unless it can demonstrate that the modification would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. § 35.130(b)(7).

Whether a modification is reasonable requires an individualized, fact-specific inquiry. *Bircoll v. Miami-Dade County,* 480 F.3d 1072 (11th Cir. 2007). No such inquiry occurred here. Defendants conducted no interactive process, made no individualized assessment, identified no cost, named no burden, and articulated no fundamental alteration. Defendants answered a request for a live appearance by pointing, weeks later and only upon inquiry, to a sentence in a form notice sent to every respondent.

Defendants' handling also departed from the regulations governing the process itself. A public entity must designate a responsible employee to coordinate its ADA compliance and must adopt grievance procedures. 28 C.F.R. § 35.107. In determining what is necessary for effective communication, a public entity must give primary consideration to the request of the individual with the disability. 28

5

C.F.R. § 35.160(b)(2). A public entity may not place a surcharge on an individual with a disability to cover the cost of measures required to provide nondiscriminatory treatment. 28 C.F.R. § 35.130(f). Defendants met none of these requirements.

## IRREPARABLE INJURY

The injury is the loss of the opportunity itself, and it cannot be repaired after the fact. Once the committee acts on a record built without the requested accommodation, no later award of money restores the participation Plaintiff was denied. Grievance committee proceedings are confidential under Rule 3-7.1, so the denial cannot be cured by any subsequent public process. Plaintiff has already submitted, under compulsion of a deadline and without the accommodation, a written statement inadequate to present his position.

## BALANCE OF THE EQUITIES AND THE PUBLIC INTEREST

The relief requested costs Defendants nothing. It adds no step to the proceeding and removes none. It does not delay the committee beyond the time required to hear one respondent speak. Against that, Plaintiff loses the only means by which he can reliably be understood. The public interest favors compliance by a public entity with a federal statute that entity is bound to follow.

## SECURITY UNDER RULE 65(c)

Plaintiff requests that the Court waive the security requirement of Federal Rule of Civil Procedure 65(c), or set nominal security of one dollar. The relief requested imposes no monetary exposure on Defendants.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court: (a) issue a temporary restraining order and preliminary injunction directing Defendants to afford Plaintiff the opportunity to present his statement live to the grievance committee and to answer the committee's questions before any further step is taken in the consolidated matters; (b) enjoin Defendants from giving effect to any determination already made in those matters without that opportunity, and direct that any such determination be reconsidered after Plaintiff has been heard; (c) confirm that the written submissions already in the Bar's file remain in the record; (d) waive security or set it at one dollar; and (e) grant such further relief as the Court deems just.

Dated: 08/03/2026

Respectfully submitted,

/s/ John Doe

John Doe, Plaintiff, Pro Se

## VERIFICATION

7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in the above-captioned action, that I have read the foregoing Motion, and that the factual statements contained in it are true and correct to the best of my knowledge, information, and belief.

Executed on 08/03/2026.

/s/ John Doe

John Doe, Plaintiff (true identity on file with the Court under seal pursuant to the pending Motion for Leave to Proceed Under Pseudonym)

## CERTIFICATE OF SERVICE

I certify that on 08/03/2026 I served a copy of this motion and every paper submitted in support of it, by electronic mail, on John Londot, Esq., Greenberg Traurig, P.A., counsel accepting service for Defendants.

/s/ John Doe

John Doe, Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,
  Plaintiff,

v.           Case No. 6:26-cv-01481-JSS-RMN

THE FLORIDA BAR; ASHLEY MORRISON, in her official
and individual capacities as Bar Counsel for The Florida
Bar; JOSHUA E. DOYLE, in his official and individual
capacities as Executive Director of The Florida Bar; and
GYPSY BAILEY, in her official and individual capacities
as General Counsel for The Florida Bar,
  Defendants.
_____/

## TABLE OF AUTHORITIES

Attachment to: PLAINTIFF'S TIME-SENSITIVE VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT

### Cases

*Bircoll v. Miami-Dade County, 480 F.3d 1072 (11th Cir. 2007)*......................................................5

### Statutes and Regulations

28 C.F.R. § 35.107.............................................................................................................................5

28 C.F.R. § 35.130(b)(7)....................................................................................................................5

28 C.F.R. § 35.130(f).........................................................................................................................6

28 U.S.C. § 1746................................................................................................................................8

42 U.S.C. § 12132..............................................................................................................................5

### Rules

Local Rule 6.01(a)(2).........................................................................................................................2

Local Rule 6.01(b)(2).........................................................................................................................2

Rule 3-7.1...........................................................................................................................................6