UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

vs.

THE FLORIDA BAR; ASHLEY
MORRISON; JOSHUA E.
DOYLE; and GYPSY BAILEY,

    Defendants.

Case No.
6:26-cv-1481-JSS-RMN

ORDER

This matter is before the Court without oral argument on Plaintiff's Motion for Leave to Proceed Under a Pseudonym (Dkt. 4) and Plaintiff's Motion to Seal (Dkt. 12). For the reasons stated below, both motions are denied.

A.    Motion for Leave to Proceed Under a Pseudonym

In the Motion, Plaintiff argues that because this lawsuit challenges the actions of an "official arm of the Supreme Court of Florida," Plaintiff should be allowed to proceed under a pseudonym. Dkt. 4 at 49.[1] Plaintiff further argues that he should be permitted to utilize a pseudonym because his

---

[1] In this Order, pin citations to the record reference the PageID found in the CM/ECF header of each page.

medical and psychological information would be disclosed publicly, and his personal safety would be at risk. *Id.* at 50–53.

All judicial proceedings are presumptively open to the public and subject to the public's right to access judicial records. *See, e.g., Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980). One aspect of this openness is the requirement found in Federal Rule of Civil Procedure 10(a) that parties in a lawsuit identify themselves in their pleadings. *See Doe v. Frank*, 951 F.2d 320, 322–23 (11th Cir. 2011). Rule 10(a)'s requirements are not absolute, however, and the Court may authorize a party to proceed under a pseudonym in some cases. *See Plaintiff B. v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2016). A litigant may proceed anonymously in cases that involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Frank*, 951 F.2d at 324.

The allegations in the complaint and the facts alleged in Plaintiff's Motion do not provide a sufficient basis to grant Plaintiff leave to proceed by pseudonym. I find that Plaintiff's interest in privacy does not outweigh the presumption of openness at this stage of the litigation. The nature of this case and the facts alleged[2] do not compel any private information or put

---

[2] *See Civil Rights Corps v. LaSalle*, No. 24-2251-CV, 2026 WL 2177359, at *14 (2d Cir. July 29, 2026) (discussing public attorney disciplinary proceedings and explaining that it has been matters of public concern since the 1200s).

Plaintiff's safety at personal risk. The mere fact that Plaintiff may have to disclose information to the Defendants during discovery[3] in this matter is not a sufficient basis to allow Plaintiff to proceed under a pseudonym in this litigation. The Motion (Dkt. 4) is therefore denied.

### B.  Motion to Seal

As to the Motion to Seal (Dkt. 12), Plaintiff states that he should be allowed to file the proposed items under seal because they are "traceable to Plaintiff's identity" and states his true name. Dkt. 12 at 397. For the same reasons as above, the Motion is due to be denied.

"Once a matter is brought before a court for resolution," says the Eleventh Circuit, "it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal punctuation omitted) (quoting *Landmark Commc'ns, Inc. v. Va.*, 435 U.S. 829, 839 (1978), and *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common-law right of access

---

[3] It is notable that discovery does not get filed on the public docket. And any future filing may be appropriately redacted or sealed pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

includes the right to inspect and copy public records and documents." *Chi. Trib. Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")).

"The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1245 (quoting *Chi. Trib. Co.*, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

Because Plaintiff relies on the same reasons as those he argued in his Motion for Leave to Proceed Under a Pseudonym (Dkt. 4), I find for the same reasons as above that Plaintiff has not shown good cause for sealing either of the proposed items. The Motion (Dkt. 12) is therefore denied.

Accordingly, it is **ORDERED**:

1.      Plaintiff's Motion for Leave to Proceed Under a Pseudonym (Dkt. 4) is **DENIED**;

2.      Plaintiff's Motion to Seal (Dkt. 12) is **DENIED**;

3.      The Clerk shall enter Plaintiff's name on the docket and update the case caption accordingly.

**DONE** and **ORDERED** in Orlando, Florida, on August 4, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record

- 5 -