**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STEPHEN BROWN,
    *Plaintiff,*

v.

THE FLORIDA BAR; ASHLEY
MORRISON, in her official and
individual capacities as Bar Counsel
for The Florida Bar; JOSHUA E.
DOYLE, in his official and individual
capacities as Executive Director of The
Florida Bar; and GYPSY BAILEY, in
her official and individual capacities as
General Counsel for The Florida Bar,
    *Defendants.*

_____

_____/

Case No. 6:26-cv-1481-AGM-RMN

**CERTIFICATION OF COMPLIANCE WITH RULE 11**

On August 6, 2026, this action was transferred to United States District

Judge Anne-Leigh Gaylord Moe (Dkt. 17), and on August 7, 2026, the case was

reassigned and renumbered accordingly (Dkt. 18). Judge Moe has entered in cases

before her a Standing Order Requiring Disclosure of the Use of Artificial

Intelligence, Section VIII of which provides for a Certification of Compliance

With Rule 11 addressing documents filed before the Standing Order is entered on

the docket. Although the Standing Order has not yet been entered on the docket in

this case, Plaintiff has reviewed it and files this certification proactively, without awaiting its entry, with respect to every paper Plaintiff has filed in this action.

I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, and 15, by my signature below I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the filing or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing.

By way of further disclosure, although not required by the Standing Order: the undersigned uses artificial intelligence assistance for multiple purposes in his legal work, including in the preparation of the referenced filings — for general brainstorming and organization of thought; for issue identification, in which the undersigned supplies facts and ideas and artificial intelligence assists in mapping them to potential causes of action and doctrines warranting investigation, including, at times, issues outside the undersigned's prior experience, which the undersigned then independently researches and confirms before any use, as he would with any issue suggested by a colleague, treatise, or research database; and for drafting language at the direction of the undersigned, who — due to arthritis, injury, and other reasons — often dictates generally what should be said. The undersigned does not rely on artificial intelligence to conduct independent legal

research or to draft documents independently. The undersigned uses various forms of artificial intelligence, is highly experienced in their use — including operating his own local models on his own equipment — and understands what the technology is and what it is not: large language models are sophisticated pattern-completion systems, not sources of legal authority, and the undersigned is fully cognizant of their capacity to fail confidently, which is precisely why nothing they produce is treated as true until independently verified. The undersigned takes his obligations to this Court seriously and has not filed, and will not file, anything without the thorough independent review that the lawyer on a case owes the Court regardless of the technology, or human assistance, used.

**Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: a generative artificial intelligence assistant was used, at the undersigned's direction and in the manner described above, to assist in organizing and drafting the language of this filing, which the undersigned personally reviewed in full before filing. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition,

the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Dated: August 10, 2026

Respectfully submitted,

/s/ Stephen Brown

Stephen Brown
509 S. Chickasaw Trail #286
Orlando, Florida 32825
(407) 956-2172

stephen@brownandrice.com
Plaintiff, Pro Se (Fla. Bar No. 43406)

## CERTIFICATE OF SERVICE

I certify that on August 10, 2026, I served a copy of this Certification on John

Londot, Esq., Greenberg Traurig, P.A., counsel accepting service for Defendants,

by electronic mail.

/s/ Stephen Brown

Stephen Brown, Plaintiff, Pro Se (Fla. Bar No. 43406)