UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN CHRISTOPHER
BROWN,

       Plaintiff,

    v.                                                                Case No.:  6:26-cv-01481-AGM-RMN

THE FLORIDA BAR, ASHLEY
MORRISON, IN HER OFFICIAL
AND INDIVIDUAL CAPACITIES AS
BAR COUNSEL FOR THE FLORIDA
BAR; JOSHUA E. DOYLE, IN HIS
OFFICIAL AND INDIVIDUAL
CAPACITIES AS EXECUTIVE
DIRECTOR OF THE FLORIDA BAR;
AND GYPSY BAILEY, IN HER
OFFICIAL AND INDIVIDUAL
CAPACITIES AS GENERAL
COUNSEL FOR THE FLORIDA
BAR;

       Defendants.

_____

## ORDER

THIS CAUSE comes before the Court on review of the First Amended Complaint (Doc. # 8), Plaintiff's Time-Sensitive Verified Motion for Temporary Restraining Order and Preliminary Injunction (Doc. # 9, the "First Amendment TRO Motion"), and Plaintiff's Time-Sensitive Verified Motion for Temporary Restraining Order and Preliminary Injunction Under Title II of the Americans with Disabilities Act (Doc. # 13, the "ADA TRO Motion").  For the reasons that follow, the First Amended Complaint is due to be dismissed, and the TRO Motions are due to be denied.

## I.    BACKGROUND

During his unsuccessful campaign to be elected as a Circuit Judge in the State of Florida, Mr. Brown alleges that he engaged in "protected political speech, including statements on social media and on his campaign website" about his opponent, a sitting Circuit Judge.  His conduct and statements during and after the judicial election resulted in seven complaints being filed with the Florida Bar.  The complaints against Mr. Brown alleged various violations of rules that govern judicial elections in Florida.  The First Amended Complaint explains the accusations made against Mr. Brown in those complaints.  Among other things, the bar complaints alleged that Mr. Brown (1) made disparaging statements on social media about the sitting judge he ran against; (2) made inappropriate comments about another attorney's paralegal during a court proceeding; (3) alleged that some unnamed person requested a "discreet meeting" (which Mr. Brown alleges is a meeting arranged through a dating site "for purposes other than dating") with the sitting judge he ran against; (4) "sent emails to opposing counsel that were unprofessional and disparaging"; (5) engaged in improper conduct at a deposition; (6) stared at a complainant during a public campaign event; (7) made statements about the wife of the sitting judge he ran against; (8) publicly announced his personal views on a disputed issue of public policy (while also announcing that he would follow the law regardless of those views); (9) contacted and harassed supporters of his campaign opponent; (10) compared a female's pose to that "of a popular musician"; (11) announced that "he had lost faith in the court system"; (12) disparaged an Orange County Sheriff's deputy responding to Mr. Brown's report that his vehicle had been taken without his permission; (13) violated

rules related to posting of campaign signs; and (14) caused an attorney's Facebook business page to be removed by flagging it.

Mr. Brown then filed two motions seeking temporary restraining orders against the Bar.  In the first, he requested that the Bar be restrained from proceeding on any allegations arising from Mr. Brown's alleged conduct in the judicial election and from filing any formal charges related to those matters because his statements were protected by the First Amendment.  In the second, Mr. Brown sought to require the Bar and the grievance committee to allow him to appear in person to make a statement, as an accommodation because he is autistic.

Mr. Brown requests a ruling by August 17, 2026.

## II.   LEGAL STANDARD

Rules 8 and 10 of the Federal Rules of Civil Procedure provide the basic pleading requirements.  Under Rule 8, a pleading must contain the following:

> (1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  The allegations must be simple, concise, and direct.  Fed. R. Civ. P. 8(d)(1). Rule 10 requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

3

The Eleventh Circuit has "identified four rough types or categories" of pleadings that violate the technical pleading requirements of Rules 8 and 10, and it refers to these categories as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. The fourth type "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "[T]he unifying characteristic" of all these deficiencies "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Although "it is much easier in the short term to permit these deficient pleadings "instead of intervening *sua sponte* to narrow the issues . . . district courts have the power and the duty to define the issues at the earliest stages of litigation" and it is appropriate to "quickly demand repleader" to avoid being "drowned in an uncharted sea," a "massive record," and "loose pleadings." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

4

### III.    ANALYSIS

The First Amended Complaint clearly violates the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.  In its 870 paragraphs, 269 pages, and 63 causes of action, the First Amended Complaint includes the kind of extraordinary level of extraneous detail that necessitates repleader.

As one example, the First Amended Complaint alleges that his opposing counsel in a divorce case accused him of being on drugs at a deposition.  Mr. Brown denies being on drugs, but "owns" that his tone was "dry and sarcastic."  As another example, the First Amended Complaint describes three comic books written and published by Mr. Brown, including one in which Mr. Brown "assists Santa Claus in complying with international flight regulations" and Mr. Brown "and his dog help people resolve disputes."  As yet another example, the First Amended Complaint includes considerable detail about an event where Mr. Brown found himself as the passenger in his own car with an intoxicated driver who "had been physically violent" toward Mr. Brown in the past, when Mr. Brown had not given the driver permission to drive his car.  Mr. Brown alleges that he "had recently learned that [the man] had a prior conviction for deliberately running a man over with a car," so Mr. Brown "induced the person to stop at a convenience store by telling him that [Mr. Brown] would go inside and buy him a beer" even though Mr. Brown "had no intention of buying a beer."  He explains that he never actually intended to buy the intoxicated driver of his vehicle a beer, but the offer was a "pretext to summon law enforcement" because Mr. Brown was afraid of the driver, yet his phone was dead, so he needed to ask the cashier for a phone.  He then explains that, when deputies arrived, the driver told them that Mr. Brown "was crazy and violent toward him" but "[n]either

statement was true." When the deputies began to question Mr. Brown, Mr. Brown alleges that he called the responding deputies "pigs—deliberately, and not casually—to make unmistakable that [Mr. Brown] was serious, and that [Mr. Brown] would not hesitate to hold the deputies legally accountable for a wrongful arrest."

In sum, the First Amended Complaint is excessively long, unnecessarily detailed, and contains countless immaterial facts that are not obviously connected to any particular cause of action. Trial courts within the Eleventh Circuit are instructed to intervene and demand repleader when a pleading contains those defects. Mr. Brown's request for expedited relief only underscores the propriety of that course of action.

Because the First Amended Complaint is dismissed, Mr. Brown's requests for temporary restraining orders and preliminary injunctive relief must also be denied. "Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007). A complaint is required because "injunctive relief must relate in some fashion to the relief requested in the complaint." *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005). The requested relief cannot "deal[] with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *see also Gomez v. United States*, 899 F.2d 1124, 1127 (11th Cir. 1990) ("Litigants are not entitled to greater temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party.").

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. The First Amended Complaint (Doc. # 8) is **DISMISSED without prejudice**;

2. The First Amendment TRO Motion (Doc. # 9) is **DENIED without prejudice**;

3. The ADA TRO Motion (Doc. # 13) is **DENIED without prejudice**;

4. The Motion for Leave to File Second Corrected Verified Amended Complaint (Doc. # 20) is **DENIED as moot**; and

5. Mr. Brown is granted leave to amend his complaint on or before August 25, 2026.

**DONE** and **ORDERED** in Chambers in Orlando, Florida, on this August 11, 2026.

ANNE LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**Copies Furnished To:**
Pro se Parties
Counsel of Record