UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 6:26-cv-01481-AGM-RMN

STEPHEN CHRISTOPHER BROWN,

Plaintiff,

v.

THE FLORIDA BAR;
ASHLEY MORRISON, in her official and individual capacities;
JOSHUA E. DOYLE, in his official and individual capacities;
GYPSY BAILEY, in her official and individual capacities; and
JOHN/JANE DOE(S), unknown official(s) of The Florida Bar, in their official and individual capacities,

Defendants.
_________________________________/

**FLORIDA BAR DEFENDANTS' RESPONSE TO PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION MOTION**

Defendants THE FLORIDA BAR, ASHLEY MORRISON, ESQ., in her official and individual capacities, JOSHUA DOYLE, ESQ., in his official and individual capacities, and GYPSY BAILEY, ESQ., in her official and individual capacities ("the Florida Bar Defendants"), respond to the

Plaintiff's Renewed Time-Sensitive Motion for Preliminary Injunction (ECF 34) as follows:

## INTRODUCTION

Plaintiff is currently facing disciplinary proceedings including in connection with statements he made about a sitting judge (the "Disciplinary Proceedings"). He seeks an order preliminarily enjoining the Florida Bar Defendants from "prosecuting, advancing, filing a formal disciplinary complaint, or taking further action" on such proceedings. (ECF 34 at 21).

For the reasons stated below, Plaintiff's Motion should be denied.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary and drastic remedy." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989). The burden rests entirely and heavily on the movant to establish all four elements: (1) substantial likelihood of success on the merits; (2) irreparable harm absent injunctive relief; (3) the balance of equities favoring the movant; and (4) that the injunction serves the public interest. *Winter v. Natural Resources Defense Council,* 555 U.S. 7, 20 (2008).

Failure to establish even the first factor is fatal to a preliminary-injunction motion. *E.g., Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th

Cir. 1994) (vacating preliminary injunction where plaintiffs failed to show substantial likelihood of success on the merits).

## ARGUMENT

### I. PLAINTIFF CANNOT PREVAIL ON THE MERITS.

#### A. Plaintiff's Action Against the Florida Bar Defendants Is Barred By Absolute Immunity.

The Florida Bar is an official arm of the Florida Supreme Court for the regulation and discipline of attorneys, acting at all times under the supervision and control of that Court. *Dade-Commonwealth Title Ins. Co. v. N. Dade Bar Ass'n*, 152 So. 2d 723, 726 (Fla. 1963); R. Regulating the Fla. Bar Ch. 1, Introduction; R. Regulating Fla. Bar 1-8.1, 2-3.1, 3-3.1 and 3-3.2. To this end, courts have consistently held that The Florida Bar, its employees, and its agents act as an official arm of the Florida Supreme Court and enjoy absolute immunity from suit in connection with their functions. *E.g., Zavadil v. Fla. Bar,* 197 So. 3d 596, 596-97 (Fla. 4th DCA 2016) ("the Bar has absolute immunity for actions taken within the scope of its authority as an arm of the Florida Supreme Court in the matters of the regulation of attorneys"); *Spano v. Hoffman*, 968 So. 2d 674, 674-75 (Fla. 4th DCA 2007) (employees of The Florida Bar acting according to their official duties in disciplinary matter

were absolutely immune from suit); *Cole v. Owens,* 766 So. 2d 287, 288 (Fla. 4th DCA 2000) (authorized "agents" of the Bar have absolute immunity for their official actions); *Kee v. Baily,* 634 So. 2d 654 (Fla. 3d DCA 1994) ("The Florida Bar and its employees act as an official arm of the Florida Supreme Court and in such capacity enjoy absolute immunity for actions taken within the scope of their duties"); *Mueller v. The Fla. Bar*, 390 So. 2d 449, 452-53 (Fla. 4th DCA 1980) (immunity for "the Bar and its agents" from malicious prosecution claims).

Significantly, federal courts, including the Eleventh Circuit Court of Appeals and Florida district courts, have specifically and consistently found that The Florida Bar and its agents are entitled to absolute immunity regarding attorney disciplinary proceedings. *See, e.g., Henry v. Harkness,* 701 F. App'x 878, 880 (11th Cir. 2017) ("the Florida Bar Rules establish that officials acting in disciplinary proceedings are agents of the Florida Supreme Court; thus, they are entitled to absolute immunity"); *Cichowski v. Totten,* No. 3:23-cv-1181-TJC-MCR, *3 (M.D. Fla. Jan. 18, 2024) ("The Florida Bar is…'entitled to absolute immunity'") (quoting *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993)); *Ippolito v. State of Fla.*, 824 F. Supp. 1562, 1572 (M.D. Fla. 1993); *Tindall v. The Fla. Bar*, No. 97–387–CIV–T–17C, 1997 WL 689636 at *4

(M.D. Fla. Oct. 14, 1997), *aff'd*, 163 F.3d 1358 (11th Cir. 1998); *Solomon v. Sup. Ct. of Fla.*, No. 03-7002, 2003 WL 1873939 at *1 (D.C. Cir. Apr. 2, 2003).[1]

The Florida Bar Defendants, as recognized by the authority cited above, have absolute immunity from Plaintiff's claims. And as noted above, any attempt to amend the Complaint against them would be futile. *Bernstein,* 591 F. Supp. 2d at 470 (dismissing complaint without leave to replead because plaintiff could not overcome immunity defense). *See also Cole*, 766 So. 2d at 288 (when Florida Bar employees and agents have absolute immunity, the complaint against them cannot be amended to state a cause of action); *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003) (it is appropriate to dismiss a complaint without leave to amend when it is apparent that amendment would be futile).

Indeed, leave to replead would effectively defeat the purpose of

[1] Likewise, federal courts across the nation have applied absolute immunity to professional regulatory boards and their members including bar-related boards, with respect to the conduct of their disciplinary functions. *E.g.*, *Werle v. Rhode Island Bar Assoc.*, 755 F.2d 195, 198, 200 (1st Cir. 1985); *Clulow v. Okla*., 700 F.2d 1291, 1298 (10th Cir. 1983), *overruled in part on other grounds*, 827 F.2d 675 (10th Cir. 1987); *Slavin v. Curry*, 574 F.2d 1256, 1266 (5th Cir. 1978), *overruled on other grounds*, 604 F.2d 976 (5th Cir. 1979); *Bernstein v. N.Y.*, 591 F. Supp. 2d 448 (S.D.N.Y. 2008); *Truong v. McGoldrick*, No. 06-1430, 2006 WL 1788960 at *4 (S.D.N.Y. June 17, 2006); *Rosenfeld v. Clark,* 586 F. Supp. 1332, 1340 (D. Vt. 1984), *aff'd*, 760 F.2d 253 (2d Cir. 1985).

immunity, which has been held to be not merely a defense from liability, but *immunity from suit*:

> [Absolute immunity is] based chiefly upon a recognition of the necessity that certain persons, because of their special position or status, should be *as free as possible* from fear that their actions in that position might have an adverse effect upon their own personal interests. To accomplish this, *it is necessary for them to be protected not only from civil liability, but also from the danger of even an unsuccessful civil action*.

*Cassell v. India,* 964 So. 2d 190, 194 (Fla. 4th DCA 2007) (citing *Fridovich v. Fridovich,* 598 So. 2d 65, 68 (Fla. 1992) (quoting Restatement (Second) of Torts § 584 at 243)) (italics added).

**B. Eleventh Amendment Immunity Bars Plaintiff's Action Against the Florida Bar Defendants.**

1. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution[2] bars suits against a state in federal court, whether for damages or injunctive relief, in the absence of a waiver by the state of its Eleventh Amendment immunity.

---

[2] The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89 (1984); *Edelman v. Jordon,* 415 U.S. 651 (1974). The immunity extends to state agencies and other arms of the state and in this regard the Eleventh Circuit Court of Appeals has expressly held that The Florida Bar is entitled to Eleventh Amendment immunity. *Henry v. Harkness,* 701 F. App'x 878 (11th Cir. 2017); *Kaimowitz v. The Fla. Bar,* 996 F.2d 1151, 1155 (11th Cir. 1993); *Brown v. The Fla. Bar,* 243 F. App'x 552 (11th Cir. 2007); *Geer v. Harkness,* 134 F. App'x 312, 313 n. 2 (11th Cir. 2005); *Gainsburg v. The Florida Bar,* No. 23-cv-61877-ALTMAN/-Hunt (S.D. Fla. June 13, 2024) ("The Eleventh Circuit has long recognized that the Supreme Court of Florida and The Florida Bar are entitled to Eleventh Amendment immunity"). *See also O'Connor v. The Florida Bar,* 197 F. App'x 741, 743 (10th Cir. 2006).

Further, the immunity extends to individual defendants who are agents, officials and officers of a state or an arm of the state. *Manders v. Lee,* 338 Fl. 3d 1304, 1308 (11th Cir. 2003) (to receive Eleventh Amendment immunity, an individual defendant need not be labeled a "state officer" or "state official," but instead need only be acting as an "arm of the State," which includes agents and instrumentalities of the state). *See also Purcell v. Toombs Cnty,* 400 F.3d 1313, 1325-26 (11th Cir. 2005); *Zabriskie v. Court Admin.*

172 F. Appx. 906, 907-08 (11th Cir. 2006).

While the Eleventh Amendment does not prohibit an action against a state official who acted outside the scope of his or her statutory authority, Plaintiff makes no factual allegations demonstrating that any Florida Bar Defendant was acting outside the scope of his or her official duties or pursuant to unconstitutional authority so as to provide a basis to conclude that Eleventh Amendment immunity does not apply. Further, there is nothing in the record to show that any Florida Bar Defendant waived immunity or otherwise consented to suit. Additionally, neither Congress nor the state has taken any action to abrogate the immunity of The Florida Bar and its employees and agents.

Courts have recognized a narrow exception to Eleventh Amendment immunity in the case of actions seeking only prospective injunctive or declaratory relief to end violations of federal law. *Fla. Ass'n of Rehab. Facilities v. State of Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1220 (11th Cir. 2000). However, such exception does not apply here, since Plaintiff cannot state a claim for violations of federal law given the immunity defenses described above and the lack of jurisdiction described below.

Further, there is nothing in the record to show that The Florida Bar has waived immunity or otherwise consented to suit. Additionally, neither Congress nor the state has taken any action to abrogate the immunity of The Florida Bar and its employees and agents.

A third exception exists when a claim is brought under federal law and Congress has abrogated immunity from the claim pursuant to the enforcement provisions of the Fourteenth Amendment. *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990). It is undisputed that Congress has expressed its intent to abrogate Eleventh Amendment immunity in enacting the ADA. *See* 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter").

However, the United States Supreme Court has stated that "insofar as [ADA] Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *U.S. v. Georgia*, 546 U.S. 151, 159 (2006) (emphasis in original). To this end, the Court established a three-part test to determine whether Congress validly abrogated sovereign immunity for Title

II ADA claims. Pursuant to this test, a determination must be made as to: "(1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purposed abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Id.*; *see also Miller v. King*, 449 F.3d 1149, 1150 (11th Cir. 2006). In accordance with this test, and pursuant to the relevant law as discussed below, in enacting the ADA Congress did not validly abrogate state sovereign immunity so as to overcome The Florida Bar's immunity with regard to Plaintiff's claims.

2. The Alleged Conduct Does Not Violate the ADA.

Title II of the ADA specifies that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Plaintiff states in the Second Amended Complaint that the Bar violated the ADA by substituting one accommodation format (video submission of statement) for his proposed accommodation (live appearance to read

statement) (see ECF 33 "SAC" ¶¶ 20-21), that an Executive Director is personally liable for not (according to Plaintiff) responding to an email (see SAC ¶ 24), or that a General Counsel denies due process by reviewing an accommodation request (see SAC ¶¶ 5, 63). But the Second Amended Complaint documents that the Florida Bar Defendants fully responded to Plaintiff's request for accommodation to participate in the grievance process. As requested, because of his alleged written communication limitations, Plaintiff was provided with the 30-day extension he requested. And his request to "give his statement orally" was granted, though by video as opposed to in person—the Rules Regulating The Florida Bar do not provide a right for or a forum for any respondent to a grievance to appear in person before a grievance committee. *See* R. Regulating Fla. Bar 3-7.4. Plaintiff's request to appear in person was therefore denied, but as an accommodation, Plaintiff was allowed to make a video submission to the grievance committee. *See* SAC ¶ 21.

In sum, as demonstrated in the Second Amended Complaint, the Florida Bar Defendants made reasonable accommodations for Plaintiff with regard to the grievance process and otherwise complied with ADA requirements. Plaintiff has therefore failed to state a claim for violation of

the ADA.

3. <u>The Alleged Conduct Does Not Violate the Fourteenth Amendment.</u>

Plaintiff also alleges that Eleventh Amendment immunity cannot apply because the Bar Defendants' conduct violates his Fourteenth Amendment rights.[3] SAC at 15, ¶ 67. He makes this argument on the assertion that he has a protected property interest in his license to practice law. *Id.* However, it is well-settled that the right to practice one's chosen profession including the right to practice law is not a fundamental right guaranteed by the Fourteenth Amendment. *E.g., Kirkpatrick v. Shaw*, 70 F.3d 100, 103 (11th Cir. 1995); *Jones v. Bd. of Comm'rs*, 737 F.2d 996, 1000 (11th Cir. 1984); *Nichols v. Ala. State Bar*, No. 2:15-cv-179, 2015 WL 1710125 (N.D. Ala. Apr. 15, 2015), *aff'd*, 815 F.3d 726 (11th Cir. 2016); *Tolchin v. Sup. Ct. N.J.*, 111 F.3d 1099, 1114 (3d Cir. 1997); *Giannini v. Real*, 911 F.2d 354, 358 (9th Cir.

[3] The Fourteenth Amendment (Amend. XIV, § 1, U.S. Const.) provides in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of laws.

1990). No fundamental right is implicated in this matter.

Further, Plaintiff has cited to no case law supporting the conclusion that The Florida Bar's disciplinary procedures, standing alone, violate any recognized due process right. *See Conn v. Gabbert*, 526 U.S. 286, 291-92 (1999) (the liberty component of the right to due process includes "some generalized due process right to choose one's field of private employment, but a right which is nevertheless subject to reasonable government regulation"); *see also Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792 (1975) ("States have a compelling interest in the practice of professions within their boundaries, and…they have broad power to establish standards for licensing practitioners and regulating the practice of professions….The interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been "officers of the courts.'") (citations omitted).

Plaintiff has not sufficiently alleged conduct that actually violated his substantive Fourteenth Amendment rights. Therefore, The Florida Bar Defendants are entitled to Eleventh Amendment immunity.

**C. The Court Lacks Jurisdiction to Review Florida Bar Disciplinary Matters.**

Plaintiff's action is an attempt to have the Court oversee his Florida Bar Disciplinary Proceedings. However, only the Florida Supreme Court or its delegee courts have authority to review the Florida Bar's disciplinary actions or inactions, and the Florida Supreme Court has not delegated disciplinary review to the federal courts.

The Florida Constitution provides in Article V, Section 15 that the Supreme Court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted. The effect of Article V, Section 15 is that state circuit courts "now have only such power as has been provided in [the Rules Regulating The Florida Bar]." *Pantori, Inc. v. Stephenson*, 384 So. 2d 1357, 1358 (Fla. 5th DCA 1980).

The Florida Supreme Court has delegated to state circuit courts and The Florida Bar concurrent jurisdiction to initiate and proceed at the evidentiary level with attorney disciplinary actions. R. Regulating Fla. Bar 3-3.5 provides:

> The jurisdiction of the circuit courts shall be concurrent with that of The Florida Bar under these Rules of Discipline. The forum first asserting jurisdiction in a

> disciplinary matter shall retain the same to the exclusion of the other until the final determination of the cause.

*Id.*

Once disciplinary proceedings are completed, the authority to review such proceedings lies *exclusively* with the Florida Supreme Court. "The Florida Supreme Court has exclusive subject matter jurisdiction to review bar grievance proceedings." *Cole v. Owens* at 288 (remanding for dismissal with prejudice); *see also* R. Regulating Fla. Bar 3-7.7 (placing reviewing authority solely with the Florida Supreme Court). Accordingly, because the Court lacks jurisdiction to review a Florida Bar grievance matter, the Amended Complaint must be dismissed with prejudice.

**D. *Younger* Abstention**

Attorney disciplinary proceedings are matters of special concern to state sovereignty and judicial self-governance. The Florida Supreme Court has inherent and exclusive jurisdiction over the discipline of attorneys admitted to practice before it. Federal courts have consistently recognized that comity principles counsel that strong deference should be given to state bar disciplinary proceedings, and that federal court intervention in such proceedings is disfavored. *See, e.g., Middlesex Cty. Ethics Comm. v. Garden*

*State Bar Ass'n*, 457 U.S. 423, 434–435 (1982) (holding that federal courts should abstain from interfering with ongoing state attorney disciplinary proceedings where important state interests are at stake and the state proceedings afford adequate opportunity to raise federal claims; so-called "*Younger* abstention," after *Younger v. Harris*, 401 U.S. 37 (1971)).

Plaintiff has not demonstrated that the Florida Supreme Court proceeding is incapable of providing him an adequate forum in which to raise his federal constitutional defenses. Under the circumstances, he offers nothing to justify his proposal that the District Court disregard the Disciplinary Proceedings.

**E. Qualified Immunity**

Even if the individual-capacity conduct alleged were not subject to absolute immunity as described above, qualified immunity would apply. A plaintiff "may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue." *Davis v. Scherer*, 468 U.S. 183, 197 (1984). A right is "clearly established" only where "controlling precedent" recognizes it "in a concrete and factually defined context," such that the state of the law gave the official fair warning the conduct was unlawful, *see Starling v. Board of County*

*Comm'rs,* No. 08–80008–CIV, 2009 WL 281051, at *6 (S.D. Fla. Feb. 2, 2009), and "only Supreme Court cases, Eleventh Circuit caselaw, and [state] Supreme Court caselaw can clearly establish law" in the Eleventh Circuit. *Marsh v. Butler County,* 268 F.2d 1014 (11th Cir. 2001) (en banc).

Plaintiff identifies no such precedent. His theories — that a Florida Bar prosecutor violates "clearly established law" by substituting one accommodation format for another (see SAC ¶ 21), that an Executive Director is personally liable for not (according to Plaintiff) responding to a letter (see SAC ¶ 24), or that a General Counsel denies due process by reviewing an accommodation request (see SAC ¶¶ 5, 63)— find no support in any controlling case placing the constitutional question "beyond debate." Moreover, officials "do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision," so the alleged failure to comply with ADA regulations does not strip immunity. *Davis v. Scherer*, 468 U.S. 183, 184 (1984).

## II. PLAINTIFF DOES NOT SATISFY THE STANDARD FOR A PRELIMINARY INJUNCTION.

Plaintiff asks for an extraordinary and drastic remedy on thin

allegations that his preferred ADA accommodation was not provided in the Bar disciplinary proceedings against him—an insufficient basis for a preliminary injunction. And given the Defendants' immunities, and the interests of The Florida Bar and the people of Florida in the disciplinary proceedings against Plaintiff and the regulation of lawyer conduct, he cannot meet his burden to show (1) a substantial likelihood of success on the merits, (2) irreparable harm absent injunctive relief, (3) the balance of equities favoring the movant, and (4) that the injunction serves the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). The proposed injunction stands in diametric opposition to each element.

## III. Plaintiff's Failure to Include Certification re: Artificial Intelligence

Plaintiff failed to include a certification required by the Court's Standing Order Requiring Disclosure of the Use of Artificial Intelligence (ECF 31). That Order warns:

> **II. Failure to Include Certification**
> Any filing that does not contain one of the two permissible certifications below, verbatim, may be stricken. If the filing is a motion, complaint, or petition, then the relief requested may be denied without prejudice.

Here, after Plaintiff's multiple filings and multiple express explanations of how to properly file a motion for a restraining order, striking the filing or denying the relief requested is warranted.

## CONCLUSION

Plaintiff cannot prevail in this matter on the merits. The Florida Bar Defendants respectfully request that the Court strike or deny the Plaintiff's Renewed Motion for Preliminary Injunction (ECF 34).

Respectfully submitted,

*s/ John Londot*
John Londot, Esq.
Florida Bar Number 579521
GREENBERG TRAURIG, P.A.
101 East College Avenue
Tallahassee, FL 32301
Phone 850-222-6891
londotj@gtlaw.com
hoffmannm@gtlaw.com
tallitdock@gtlaw.com
*Counsel for the Florida Bar Defendants*

**Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an

attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*s/ John Londot*
John K. Londot, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on this September 18, 2026, I electronically filed the foregoing using the CM/ECF system, which will serve all those registered, and sent a copy by U.S. Mail and email to the following:

Stephen Christopher Brown
509 S. Chickasaw Trail #286
Orlando, Florida 32825
*(407) 956-2170*
*2stephen@brownandrice.com*
*Plaintiff, Pro Se (Fla. Bar No. 43406)*

*s/ John Londot*
John K. Londot, Esq.