**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STEPHEN CHRISTOPHER BROWN,
*Plaintiff,*
v.
THE FLORIDA BAR; ASHLEY MORRISON, in her official and individual capacities; JOSHUA E. DOYLE, in his official and individual capacities; GYPSY BAILEY, in her official and individual capacities; and JOHN/JANE DOE(S), unknown official(s) of The Florida Bar, in their official and individual capacities,
*Defendants.*
_________________________________/

Case No. 6:26-cv-01481-AGM-RMN

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER OF OCTOBER 13, 2026, CLOSING THIS CASE**

Plaintiff moves under Federal Rules of Civil Procedure 59(e), 60(b)(1) and (6), and 54(b) for reconsideration of the Court's endorsed order of October 13, 2026. Rule 59(e) permits the Court to alter or amend a judgment to correct a manifest error of law or fact. Rule 60(b)(1) permits relief from an order for "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6) for "any other reason that justifies relief." Under Rule 54(b), an order that adjudicates fewer than all the claims "may be revised at any time" before final judgment. That order struck my response to the Florida Bar Defendants' motion to dismiss, denied my motion for a preliminary injunction, dismissed this case without prejudice, and closed it. Doc. 52. Its main ground was that I had not filed, in this case, the certification of no third-party litigation funding that the Court's standing order requires. It added that my response did not comply with

Local Rule 1.08, without saying how. Both defects were inadvertent, both are cured, and neither supports dismissal on this record.

**WHAT I AM ASKING THE COURT TO DO**

I ask the Court to:

1. vacate the October 13, 2026 order (Doc. 52);
2. reinstate my Verified Second Amended Complaint and my Amended Motion for Preliminary Injunction (Docs. 33, 34);
3. accept my response to the Florida Bar Defendants' motion to dismiss, attached as Exhibit A, as filed;
4. decide the motion to dismiss on its merits (Doc. 45); and
5. vacate the August 11, 2026 order dismissing my First Amended Complaint (Doc. 32).

In the alternative, I ask for leave to file the Third Amended Complaint attached as Exhibit B.

**WHAT HAPPENED**

I filed this case on July 10, 2026. Doc. 1. In early August, it was transferred to Judge Moe, with her consent, as related to my other case before her, Brown v. Tarbert, No. 6:26-cv-01466. Docs. 17, 18.

On August 11, 2026, the Court entered four things in this case on the same day: a form notice about the Local Rules, a standing order requiring a disclosure of third-party litigation funding, a standing order on the use of artificial intelligence, and an order dismissing my First Amended Complaint as a shotgun pleading. Docs. 29, 30, 31, 32. The funding order required each party, within ten

days, to file either a disclosure of litigation funding or a certification that there was none. Doc. 30 at 1, 3 (§ III).

The next day, August 12, the Court closed Brown v. Tarbert, in part for failure to comply with the same funding order. Tarbert Doc. 13. On August 25, I filed the funding certification in Tarbert. Tarbert Doc. 14. That same day I filed my Second Amended Complaint and my Amended Motion for Preliminary Injunction in this case. Docs. 33, 34. I did not file the funding certification in this case. That was my mistake.

On September 18, the Florida Bar Defendants moved to dismiss and responded to my injunction motion. Docs. 45, 47. On October 9, the day it was due, I filed my response to the motion to dismiss, together with a motion for a hearing. Docs. 48, 49. On October 13, the Court struck my response, denied my injunction motion, dismissed the case, and closed it. Doc. 52.

**I. MY MISTAKE WAS FILING THE CERTIFICATION IN THE WRONG CASE. IT HID NOTHING, AND IT IS CURED.**

The funding order exists so that the Court knows whether anyone is paying for the litigation. The Court knew. I filed the certification on August 25 in Brown v. Tarbert. That related case is before the same judge and is governed by the same standing order. The certification said that I have no third-party litigation funding. That was true in both cases. It is still true.

Judge Moe had related the two cases to each other, and I treated the one certification I filed before her as the disclosure for both. I was wrong about the

docket. I was never wrong about the funding. I have now filed the certification in this case as well.

Nothing in the record shows that anything I did was willful, and nothing I did was meant as disrespect. I have never been disrespectful to any court. I work on this case at night and on weekends, because during the day my clients receive the legal services they are paying for, and I will not let this case or the Bar take that from them. If I missed something, that is why: I am fitting this case around a full practice so that the Bar's conduct, which is the reason this case exists, does not also harm the clients I serve.

The October 13 order makes no finding of willfulness. Between August 11 and October 13, no order told me the certification was missing from this case, no order to show cause issued, and no party raised it. The October 13 order is the first mention of it on this docket, and it closed the case.

I am one pro se attorney with very limited federal experience. This is my first case in this District. Before it, I had assisted on one federal case in nineteen years of practice. I am litigating against The Florida Bar. A multi-state law firm of national reputation represents it. No one who reads this docket needs a certification to know that no one is funding this case.

## II. DISMISSAL AS A SANCTION REQUIRES TWO FINDINGS. THE ORDER MAKES NEITHER.

The October 13 order dismissed this case as a sanction for not complying with a court order. It cites the sanction provision of the funding order and the August 11 form notice. Docs. 29, 30, 52.

In this Circuit, a court may dismiss a case as a sanction only if it finds two things: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005) (quoting World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995)). The findings are "essential." Id. at 1339 (citing Mingo v. Sugar Cane Growers Co-op of Florida, 864 F.2d 101, 102–03 (11th Cir. 1989)). Dismissal "is such a severe sanction that it is to be used only in extreme circumstances." Id. at 1339 (quotation omitted). It is "a sanction of last resort." Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (quoting Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 924 (11th Cir. 1986)).

The October 13 order makes neither finding.

First, there was no pattern of delay and no willful contempt. My response was filed on time. The certification I left out of this case was already on file, before the same judge, in the related case. A party who refuses to disclose does not file the disclosure in one of two related cases before the same judge. A party who files it in one and not the other has disclosed and missed a docket. That is inadvertence, not contempt.

Second, the order does not find that a lesser sanction would not have worked. It does not mention lesser sanctions at all. Ordinary ones were available. The Court could have ordered me to file the certification within a set time. It could have issued an order to show cause. It could also have denied a pending

motion without prejudice. That is the first consequence the funding order itself names. Doc. 30 at 1 (noncompliance "may be a basis on which either pending or future requests for relief are denied without prejudice"). Any of these steps would have put the certification on this docket within days. The motion to dismiss would then have been decided on the papers both sides had filed. An order to show cause was not a remote option. In Brown v. Tarbert, the day after I filed the complaint and before any defendant appeared, the Court dismissed the complaint and, in the same order, directed me to show cause on Younger abstention when I refiled. Tarbert Doc. 7. Here, it issued none.

The August 11 form notice does not fill the gap. It tells "the parties" to read the Local Rules. It warns that failure to comply with "ANY Local Rules or Court Orders may result in" sanctions "without further notice." Doc. 29. The same notice, word for word, was entered in Brown v. Tarbert on July 22, 2026. Tarbert Doc. 9. It is a form, and it does not mention the funding certification. A warning that sanctions may follow is not a finding that they should. Notice is not willfulness. The funding order likewise says only that noncompliance "may be" a basis for sanctions. That language gives the Court a discretion. The Court must exercise it with the findings the law requires. The language does not create a consequence that follows on its own.

**III. "WITHOUT PREJUDICE" DOES NOT SAVE THE ORDER, BECAUSE REFILING NOW WOULD COST ME THE CASE I FILED.**

A dismissal "even though labelled 'without prejudice,' is, in fact, with prejudice" where refiling is barred. Justice, 6 F.3d at 1481 (quoting Hilton

International Co. v. Union de Trabajadores de la Industria Gastronomica, 833 F.2d 10, 11 (1st Cir. 1987)). The same is true where refiling would give up what the original filing secured.

That is the situation here. I filed this case on July 10, 2026. The Bar's grievance committee found probable cause against me five days later, on July 15. Doc. 1; Doc. 8 ¶¶ 395, 408. The Bar's motion to dismiss relies on Younger. Its Younger argument depends on whether a state proceeding was pending before this case reached the merits. A new case filed today would begin after the probable-cause finding. It would also begin after any formal complaint the Bar has filed since. The Bar would then make an argument against the new case that it cannot make against this one. So the dismissal ends the case as I filed it, and it must meet the standard in Part II.

**IV. THE COURT'S ORDERS WERE ENFORCED AGAINST ME, NOT AGAINST THE BAR.**

The standing orders and Local Rules bind both sides. The Bar's motion to dismiss cites "Manders v. Lee, 338 Fl. 3d 1304," but that reporter does not exist. It also cites "Marsh v. Butler County, 268 F.2d 1014 (11th Cir. 2001)," but that reporter ceased publication in 1993. The motion carries a certification that counsel read each case cited. Doc. 45 at 7, 17, 19. Its Fourteenth Amendment argument quotes "ECF 8 at 79, ¶ 434; 92 at ¶ 484" as the allegations it is answering. Doc. 45 at 12. Those paragraphs are in my First Amended Complaint, which the Court dismissed on August 11. The operative complaint has seventy-

eight paragraphs. The Bar moved to dismiss one complaint by quoting another, and my response said so. Doc. 48.

The Bar's response to my injunction motion stated that I "failed to include" the artificial-intelligence certification the Court requires. Doc. 47 at 18. The Bar made that statement under its own certification that no artificial intelligence was used in preparing the response. Id. at 19. The statement was false. My certification was filed with the motion as an attachment. Doc. 34-2.

On October 8, 2026, I conferred with the Bar's counsel, Mr. Londot, under Local Rule 3.01(g) about a motion to strike that statement. He said he would file a notice correcting it. I agreed, and I did not file the motion. On October 12, the Bar filed the notice. Doc. 51. The problem was fixed by conferral. It took no motion practice and no involvement by the Court. That is what Rule 3.01(g) is for. No sanction followed, and I asked for none. Mr. Londot handled that conferral the way the rule intends, and that is to his credit. He heard the point, agreed to correct the record, and did it within four days. That is the ordinary course between professionals, and I expected the same course from the Court.

The next day, the October 13 order dealt with my omission by striking my response and closing the case. No one conferred with me. I was not given an opportunity to file the certification, and I was not told what Local Rule 1.08 defect the Court had found. I extended to the Bar the course the rules prescribe. I did not receive it.

The Court had the Bar's motion in front of it before my response, and nothing followed. The two sides' defects are of the same kind. The artificial-

intelligence order requires a certification that the filer read every case cited. The citations described above are evidence that the motion's certification was inaccurate when made. The paper that pointed out the Bar's defects was struck. The paper with the defects was never ruled on, yet it got the dismissal it asked for. The Court's orders do not distinguish between the parties, and their enforcement should not.

## V. THE ORDER'S OTHER GROUND, LOCAL RULE 1.08, WAS NEVER IDENTIFIED. IT WAS A FILE-CONVERSION ERROR, AND IT IS CURED.

The October 13 order says my response "was also due to be stricken for failure to comply with Middle District of Florida Local Rule 1.08." Doc. 52. It does not say what the failure was. I prepared the response and its attached certification in Book Antiqua, a typeface Rule 1.08 names. The main text was 13-point and double-spaced. The pages were letter size, with one-inch margins and page numbers. Docs. 48, 48-1. The PDF for filing was first generated at A4 size. It was then scaled to fit letter paper. That scaling shrank the type to about 96 percent of its size. I did not do that on purpose, and I did not know it had happened until after the order was entered. The corrected response, attached as Exhibit A, is prepared in Palatino on letter-size paper. Its main text is 13-point, its indented quotations are 12-point, and its footnotes are 11-point. Those sizes were checked on the PDF itself. The corrected filing cures this unnamed defect. The defect cannot support striking the response, and it cannot support closing the case.

## VI. NO CLAIM OR MOTION IN THIS CASE HAS EVER BEEN DECIDED ON ITS MERITS.

Across this case and Brown v. Tarbert, my pleadings have been dismissed or closed four times. Each time the ground was form, never the merits. Tarbert Docs. 7, 13; Docs. 32, 52. It has been roadblock after roadblock, with no toll-free road to the merits. The Federal Rules exist "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." Foman v. Davis, 371 U.S. 178, 181 (1962).

The funding order is the Court's own standing order, not a Local Rule. Its purpose is disclosure, not dismissal. The disclosure it asks for was already before the Court. A one-line order to file what was missing would have cured the funding defect in both cases. None was given. I fixed the problem in Brown v. Tarbert and asked to be heard. I filed a motion to reopen that case with the amended complaint attached. That motion has sat without a ruling for more than fifty days. Tarbert Doc. 17. Every ruling against me has come within days. My motion for a hearing in this case was pending when the October 13 order closed the case. It was terminated with everything else. Doc. 49. The Bar's motion to dismiss my Second Amended Complaint was fully briefed and ready for decision. I ask only that it be decided.

It is natural to assume that The Florida Bar is right about the law. It is the Bar. But I have alleged that it is wrong here, and I have the right to try to prove

it. That burden is mine, and I accept it. If I fail to carry it, I will live with the result. What I am entitled to is the chance. Ending this case before any claim has been heard takes away the right to be heard that the civil-rights laws exist to protect.

## VII. THE AUGUST 11 ORDER DISMISSING MY FIRST AMENDED COMPLAINT SHOULD BE VACATED WITH IT.

The October 13 order is the final order in this case. The August 11 order that dismissed my First Amended Complaint therefore comes up for review with it. Doc. 32. That order quoted the shotgun-pleading test. The "unifying characteristic" of a shotgun pleading is that it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Doc. 32 at 4 (quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015)). The order then made no finding that any defendant lacked notice of any claim. No such finding could have been made. Each count realleged specific paragraphs, for example, "Plaintiff realleges and incorporates Paragraphs 62 through 67 and 72 through 79 supra," Doc. 8 ¶ 561. No count adopted every paragraph before it. That is exactly what the Court had asked for on July 10. On that day it dismissed my complaint in Brown v. Tarbert because "each count reincorporates all preceding paragraphs." Tarbert Doc. 7.

Nor were the order's three examples of "extraneous detail" extraneous. Doc. 32 at 5. Each one answers a charge the Bar brought against me. The paragraphs about a deposition answer one. Doc. 8 ¶¶ 222–226. The paragraphs about comic books answer another. Id. ¶¶ 232–233. The paragraphs about a

vehicle and deputies answer another. Id. ¶¶ 236–264. A plaintiff claiming retaliatory prosecution must plead and prove that the charges lacked probable cause. Hartman v. Moore, 547 U.S. 250, 265–66 (2006). Pleading each charge next to the fact that defeats it is pleading that element. I ask that the August 11 order be vacated with the October 13 order.

**CONCLUSION**

For these reasons, I ask the Court to vacate the October 13 order, accept the response attached as Exhibit A, decide the motion to dismiss on its merits, and grant the other relief requested above.

Dated: October 20, 2026
Respectfully submitted,

/s/ Stephen Christopher Brown
Stephen Christopher Brown
509 S. Chickasaw Trail #286
Orlando, Florida 32825
(407) 956-2172
stephen@brownandrice.com
Plaintiff, Pro Se (Fla. Bar No. 43406)

**LOCAL RULE 3.01(G) CERTIFICATE**

I certify that on October 15, 2026, I conferred by email with John Londot, Esq., counsel for Defendants, about the relief this motion requests. The parties do not agree on any part of the motion. Defendants oppose it.

**DECLARATION OF STEPHEN CHRISTOPHER BROWN UNDER 28 U.S.C. § 1746**

I, Stephen Christopher Brown, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in this action; that I have personal knowledge of the facts stated in every part of the foregoing; and that those facts, and the docket entries and dates cited there, are true and correct to the best of my knowledge.

Executed on October 20, 2026, in Orange County, Florida.

/s/ Stephen Christopher Brown

The certification required by the Standing Order on the use of artificial intelligence (Doc. 31) is filed as an attachment to this motion.

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, I filed this Motion with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, including John Londot, Esq., Greenberg Traurig, P.A., counsel for the Florida Bar Defendants, at londotj@gtlaw.com, hoffmannm@gtlaw.com, and tallitdock@gtlaw.com.

/s/ Stephen Christopher Brown